UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

_____

FEDERAL TRADE COMMISSION,     )
                            )
     Plaintiff,             )
                            )     Civil Action No. 1:19-cv-3423
     v.                 )
                            )
A.S. RESEARCH, LLC, also d/b/a     )     COMPLAINT FOR
     ASR and APPLIED SCIENTIFIC     )     PERMANENT INJUNCTION AND
     RESEARCH LABS,     )     OTHER EQUITABLE RELIEF
     a limited liability company,     )
                            )
STEPHEN J. YOUNG, individually     )
     and as an owner and officer of     )
     A.S. RESEARCH, LLC, and     )
                            )
MICHAEL K. LEDEBOER, individually     )
     and as an owner and officer of     )
     A.S. RESEARCH, LLC,     )
                            )
     Defendants.     )
_____)

Plaintiff, the Federal Trade Commission ("FTC"), for its Complaint alleges:

1.     The FTC brings this action under Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), to obtain permanent injunctive relief, rescission or reformation of contracts, restitution, the refund of monies paid, disgorgement of ill-gotten monies, and other equitable relief for Defendants' acts or practices in violation of Sections 5(a) and 12 of the FTC Act, 15 U.S.C. §§ 45(a), 52, in connection with the advertising, labeling, promotion, offering for sale, sale, or distribution of Synovia.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331,

1337(a), and 1345.

3.      Venue is proper in this District under 28 U.S.C. § 1391(b)(1), (b)(2), (c)(1),

(c)(2), and (d), and 15 U.S.C. § 53(b).

## PLAINTIFF

4.      The FTC is an independent agency of the United States Government created

by statute. 15 U.S.C. §§ 41-58. The FTC enforces Section 5(a) of the FTC Act, 15 U.S.C. §

45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce. The

FTC also enforces Section 12 of the FTC Act, 15 U.S.C. § 52, which prohibits false

advertisements for food, drugs, devices, services, or cosmetics in or affecting commerce.

5.      The FTC is authorized to initiate federal district court proceedings, by its own

attorneys, to enjoin violations of the FTC Act and to secure such equitable relief as may be

appropriate in each case, including rescission or reformation of contracts, restitution, the refund

of monies paid, and the disgorgement of ill-gotten monies.  15 U.S.C. § 53(b).

## DEFENDANTS

6.      Defendant A.S. Research, LLC ("Corporate Defendant" or "A.S. Research"), also

doing business as ASR and Applied Scientific Research Labs, is a limited liability company

registered in Colorado with its principal place of business at 7750 North Union Boulevard, Suite

205, Colorado Springs, Colorado.  A.S. Research transacts or has transacted business in this

District and throughout the United States.

7.      Defendant Stephen J. Young is a 50% owner, officer, and director of A.S. Research.  Defendant Michael K. Ledeboer is a 50% owner, officer, and director of A.S. Research.  Stephen J. Young and Michael K. Ledeboer (together, "Individual Defendants") split the day-to-day management and operating responsibilities for the Corporate Defendant.  They share all duties related to the business, including selection of products to sell, what ingredients to include in those products, the review of scientific research, and the approval of advertising.  At all times material to this Complaint, acting alone or in concert with others, the Individual Defendants have formulated, directed, controlled, had the authority to control, or participated in the acts and practices of the Corporate Defendant, including the acts and practices set forth in this Complaint.  The Individual Defendants reside in this District and, in connection with the matters alleged herein, transact or have transacted business in this District and throughout the United States.

## COMMERCE

8.      At all times material to this Complaint, Defendants have maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## DEFENDANTS' BUSINESS ACTIVITIES

9.      Defendants advertise, label, promote, offer for sale, sell, and distribute Synovia and other health-related products.  Consumers can purchase Synovia by calling a toll-free number or by ordering through websites operated by Defendants, including: http://store.asresearchlabs.com/synovia, www.synoviaplus.com/joint-pain-relief, and www.joint-solutions.com/relief-from-pain.

10.     Synovia is sold in a 30-capsule bottle bearing the label "Synovia+."  According to the product label, each capsule contains 750 mg Balanced Kollagen®, 75 mg hyaluronic acid, 5 mg piperine 95%, and 4 mg astaxanthin 1%.  The product label advises consumers to take one capsule of Synovia daily.

## DEFENDANTS' ADVERTISING AND MARKETING

11.     To induce consumers to purchase their products, Defendants have disseminated or caused to be disseminated advertisements and promotional materials, including, but not limited to, the attached Exhibits A through G.  These advertisements and promotional materials have contained the following representations or statements, among others:

A.     Newspaper advertisement

**Costly Joint-Pain
Injections Replaced
By New $2 Pill**
**New pill boosts the same lubricating joint fluid as expensive and painful
injections – without using a needle.  Users report dramatic relief from
swelling, pain and stiffness without side effects and expense.**

* * *

A popular needle injection for people with joint pain is now available in an inexpensive nonprescription pill.

* * *

The new pill, called Synovia, delivers the same "relief molecule" as the injections. . . .  Also, relief is delivered to every joint in the body because it enters the bloodstream through the digestive system.

This gives it the ability to reduce a much wider variety of pain. Users report greater flexibility and less stiffness in their knees. Hands and shoulders move pain-free for the first time in years. Even neck and lower back pain improve dramatically.

All this without spending over $600 on needle injections and taking trips to the doctor every week.

* * *

The medical community is very excited about this new breakthrough.  Dr. Jacob Moss says, "Synovia is a great option for those suffering from joint pain.  Injections are

4

usually a last resort because of the pain and expense.  However, Synovia should be taken at the first sign of discomfort."

\* \* \*

Doctors use the shots to boost a critical element of the joint called synovial fluid. This lubricating fluid is found between the cartilage and bones of every joint.

\* \* \*

Leading clinics use injection therapy because it works.  Recent clinical trials show the pill form also delivers major relief.

One example is a landmark study out of Europe.  In the study the active ingredient in Synovia was compared to a popular NSAID pain reliever.  The goal was to see if it could reduce pain and swelling around the knee.  The results were incredible!

After just 30 days, more than 8 out of 10 people who took Synovia's active ingredient had NO swelling. . . .

The study also looked at cases of severe swelling.  Amazingly, zero cases of severe swelling were detected in the group taking the active ingredient found in Synovia. This means it was 100% effective for the cases of severe swelling!

-Exhibit A, disseminated Nov. 3, 2017 to July 3, 2018 in markets nationwide

B.    Direct Mailing



OPEN NOW if you want fast, long-lasting, natural relief from stiff, swollen, painful
• Knees • Hips • Back • Neck • Shoulders
• Fingers and Hands • Wrists • Joints

# New $1.33 Pill Replaces $1,000 Joint Pain Injections?

New pill naturally delivers "relief molecules" and boosts the same lubricating joint fluid as injections...without needles!

\* \* \*

**It's . . . a pill called *Synovia* that's been a life-restorer for people all across America**

**A broad spectrum, patented *Kollagen:* The only collagen clinically proven to reduce pain by 95%.**

Restores and rebuilds your joints at the molecular level to wipe out pain.

\* \* \*

If you want flexible, pain-free knees, hips, shoulders, back and joints, you must have healthy levels of *collagen*.

\* \* \*

. . . Synovia . . .includes. . .

**...patented Balanced Kollagen that makes your joints virtually pain free**

\* \* \*

What makes Balanced Kollagen superior to typical collagen? Three things...

**1) More pain relief than any other collagen —95% less pain, clinically proven**

I've known about collagen for decades, but I've never seen a collagen deliver pain relief like Balanced Kollagen.

In a landmark clinical study, people suffering from joint pain and cartilage injuries took 750 mg of Balanced Kollagen every day for 120 days.

The results? Stunning!

>> After just 7 days, their joint flexibility increased nearly 30%!

>> After 30 days, 85% of their pain was gone!

>> After 120 days, a full 95% of their pain had vanished![1]

Great news! Each pill of Synovia includes **750 mg of Balanced Kollagen**—the exact same dosage used in this study!

6



■ "Collagen augmentation improves the quality of cartilage repair after microfracture... and was superior to that after microfracture alone."

—*American Journal of Sports Medicine*

\* \* \*

## No more painful injections for Lisa



Lisa T., age 53, from North Carolina was at her wit's end. She suffered from disc issues and severe knee and back pain. Doctors told her she needed a double knee replacement.

She writes, "I've tried shots in my back and both knees....but they require taking time off work...they can be painful...and sometime don't work. Not to mention the obvious cost.

"*Synovia* is wonderful. It has worked to greatly lessen my pain and improve flexibility through my whole body. I can touch my toes again! With *Synovia*, I'm enjoying life again." Thank you so much!" Individual results may vary.

\* \* \*

… 

## Hyaluronic acid paves the "pot holes" in damaged joints

When your synovial fluid dries up, cartilage in your joints erodes—creating pot holes.

These rough patches make bending and flexing difficult, if not impossible—and painful.

But when you restore hyaluronic acid with *Synovia*, it's like re-paving those pot holes. You rebuild cartilage and restore lubrication—for easy moving, pain-free joints.

\* \* \*

For years, William B. of Tennessee, age 87, suffered from bone-on-bone ankle problems.

The pain was so bad, he had to get injections every two months.

But since taking *Synovia*, relief has been, in his words, "Absolutely wonderful! The pain and swelling had disappeared with no side effects. Thank you—I am back living normal again!"

\* \* \*

Let me tell you about a hidden cause of joint pain conventional solutions fail to address.

It's high acidity measured by a low pH. In fact, many chronic pain problems are linked to acid/alkaline imbalance.

What causes too much acid in the body? Primarily a diet of too much meat, eggs, dairy, white flour, coffee, soft drinks and artificial sweeteners.



**Balanced Kollagen reduces pain-causing acidity**

Actual pH Levels (Measured)

| Day 1 | Day 10 | Day 20 | Day 30 | Day 40 | Day 50 | Day 60 |
|---|---|---|---|---|---|---|
| 4.7 | 5.67 | 6.7 | 7.38 | 7.44 | 7.49 | 7.51 |

Number of Days on Trial (Tested)

Acidic → Alkaline

Balanced Kollagen in *Synovia* reduced pain-causing acidity by 57%. pH was raised from 4.7 to 7.51.

Great news! Balanced Kollagen found in *Synovia* is clinically proven to reduce acidity by 57%.

In a clinical study, Balanced Kollagen raised pH from 4.7 (acidic) to a pH of 7.38 (more alkaline).[5]

\* \* \*

> . . . *Synovia* includes . . . astaxanthin . . .

\* \* \*

> Astaxanthin has . . . been proven to slash inflammation and pain.

\* \* \*

> In addition, Astaxanthin alone or as part of a combination of nutrients has been proven to . . .

✓ **Effectively relieve severe joint pain** . . .
✓ **Relieve pain caused by Carpal Tunnel Syndrome** . . .
✓ **Alleviate pain and improve strength grip of tennis elbow** . . .
✓ **Help reduce muscular atrophy** . . .

This is why you'll be glad to know *Synovia* includes **4 mg of Astaxanthin** in each pill.

\* \* \*



\* \* \*

9

*Synovia* is the only pain-relieving formula I've found with nutrients clinically proven or shown to...

>> **Reduce pain by 95%**

>> **Reduce pain-causing acidity by 57%**

>> **Deliver "relief molecules"** deep within your joints

>> **Restore your body's natural lubricating fluids**

>> **Restore and repair** damaged joint cartilage

>> **Defuse pain-causing free radicals** better than any other antioxidants

>> **Relieve pain in your knees, hips, shoulders, back, neck and joints**

-Exhibit B, disseminated Sept. 2017 to June 2018

C.   Direct Mailing



-Exhibit C, disseminated Sept. and Nov. 2017

D.      Newspaper advertisement

Now those who suffer from joint pain can get relief without painful injections. At less than $2 per day, early users like Steve Young are impressed. He says, "I've tried more pills than I can count, without any luck. Synovia is different. My knees and hands haven't felt this good in years!"





**BEFORE:** No lubricating fluid or cartilage leads to painful bone-on-bone rubbing.

**AFTER:** Synovia's active ingredients lubricate joints and nourish cartilage so it can re-grow!

**Approved By Leading
Doctors**

The new delivery system for this molecule has caught the attention of leading medical doctors.

"Needle injections for joint pain have been around for years because they work. Being able to get the same relief molecule through a pill is amazing.  Injections may be a last resort, but I'd recommend Synovia at the first sign of pain," said Dr. Marie Laguna.

Dr. Gerardo Pereira, a renowned surgeon from Florida says, "Injections aim to boost synovial fluid, which lubricates the joint.  Those suffering from joint pain usually have very little of this fluid.  Synovia helps relieve pain by boosting this key lubricant without needles."

Dr. Moss adds, "The research behind the active ingredient in Synovia is very exciting.  This product is a great choice for those who haven't had success with other joint pain treatments."

-Exhibit D, *USA Today*, March 21, 2018

E.      Newspaper advertisement

**Costly Joint-Pain Injections Replaced By New $2 Pill**

New pill boosts the same lubricating joint fluid as expensive and painful injections – without using a needle. Users report dramatic relief from swelling, pain and stiffness without side effects and expense.

* * *

Now those who suffer from joint pain can get relief without painful injections. At less than $2 per day, early users like Steve Young are impressed. He says, "I've tried more pills than I can count, without any luck. Synovia is different. My knees and hands haven't felt this good in years!"

-Exhibit E, *Chicago Sun-Times*, Feb. 14, 2019

F.      Website



From cortisone shots to almost zero pain!

For Pam S., severe shoulder pain made life difficult for the 61-year-old.  So she tried Synovia.  After taking the first bottle, she reports, "What a difference

Synovia has made in my life.  My pain has improved to the point I hardly notice that I have it."

-Exhibit F, https://www.joint-solutions.com/relief-from-pain, Feb. 27, 2019

G.      Newspaper advertisement

**Chronic Joint Pain Sufferer
Reveals How He No Longer
Needs His Walker At Age 74**

Iowa man, Harold Jenkins, swears a new $2 pill relieved his pain and stiffness in 14 days without side effects – the active ingredient in the pill is the same as a very popular German needle-injection treatment.

\* \* \*



**No More Walker:** 74 year old Harold Jenkins' pain relief is so dramatic, he doesn't use his walker anymore. Jenkins credits a new $2 pill that uses a similar active ingredient as a popular German needle injection treatment.

-Exhibit G, disseminated Feb. 16, 2018 to Feb. 27, 2018 in markets nationwide

12.    Defendants' advertisements feature numerous consumer testimonials attesting to the benefits of Synovia for relief of joint pain, stiffness, and swelling.  Defendants solicited most consumer testimonials with the offer of free product in exchange for "especially positive and inspiring" reviews of Synovia.  The persons who responded to this offer had used a prior version of Synovia that contained substantially different ingredients.  Defendants fabricated the remaining consumer testimonials.  For example, Defendants' newspaper advertisements have featured "Iowa man, Harold Jenkins" who "no longer needs his walker at age 74."  Defendants invented this person, whom they also portrayed in their newspaper and direct mail advertisements as "Greg," the individual who purportedly experienced "95% pain relief so good, he *gave away* his walker."  In addition, many advertisements feature Individual Defendant Stephen Young as a testimonialist, though he is identified only as "Steve Young," an "early user" of Synovia, not an owner and officer of A.S. Research.

13.    Defendants' advertisements for Synovia also feature expert endorsements from medical doctors, including Drs. Marie Laguna-Bedia, Jacob Moss, and Gerardo Pereira.  None of these doctors has expertise in joint pain relief, nor did they review or examine the advertised formulation of Synovia.

14.    Consumers who call to order Synovia reach Defendants' telemarketers, who are directed to adhere to a script word-for-word.  The script prompts Defendants' telemarketers to ask at the beginning of every call, "After reading the ad, what is it you were hoping Synovia could help you with?"  Consumers have responded with ailments such as "severe osteoarthritis," "arthritis" in knees, hands, neck, shoulders, and hips, "swelling and joint pain," "sciatica," "spine problems," "difficulty walking," and "herniated discs."  Regardless of the consumers' responses,

Defendants' telemarketers, as directed by the script, have stated, "We've been getting amazing feedback from people with similar issues which tells me Synovia is going to be a great fit for you!"

15.     Next, the telemarketer attempts to persuade the consumer to purchase a six-month supply of Synovia for a total of $239.70.  If the consumer does not accept this offer, the telemarketer attempts to sell her a three-month supply for $149.85.  There is no shipping and handling charge for the multiple-bottle purchases.  If the consumer refuses these offers, the telemarketer urges her to purchase a one-month supply for $59.95, plus $8.95 shipping and handling, for a total of $68.90.  After a consumer has agreed to order a one-, three-, or six-month supply of Synovia, the telemarketer strongly encourages the consumer to instead purchase Synovia "Plus" for an additional $9.95 per bottle.  The telemarketer advises the consumer that Synovia "Plus" contains "one additional ingredient designed to increase the overall relief and speed the repair."  Some consumers agree to this upsell, and some do not.  Regardless of the consumer's decision, the product that is shipped to them contains the additional ingredient.

16.     Based on the facts and violations of law alleged in the Complaint, the FTC has reason to believe that Defendants are violating or are about to violate laws enforced by the Commission.  Defendants have engaged in their unlawful acts and practices repeatedly over the course of two years and continue to disseminate deceptive claims over the internet and through newspaper advertising, despite their knowledge of the Commission's investigation.

## VIOLATIONS OF THE FTC ACT

17.     Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts or practices in or affecting commerce."

18.     Misrepresentations or deceptive omissions of material fact constitute deceptive acts or practices prohibited by Section 5(a) of the FTC Act.

19.     Section 12 of the FTC Act, 15 U.S.C. § 52, prohibits the dissemination of any false advertisement in or affecting commerce for the purpose of inducing, or which is likely to induce, the purchase of food, drugs, devices, services, or cosmetics.  For the purposes of Section 12 of the FTC Act, 15 U.S.C. § 52, Synovia is either a "food" or "drug" as defined in Section 15(b) and (c) of the FTC Act, 15 U.S.C. § 55(b) and (c).

## COUNT I

### False or Unsubstantiated Efficacy Claims

20.     In numerous instances in connection with the advertising, marketing, promotion, offering for sale, or sale of Synovia, including through the means described in Paragraphs 11 to 14, Defendants have represented, directly or indirectly, expressly or by implication, that:

      a.     Synovia dramatically relieves swelling, pain, and stiffness in every joint in the body, including in the knees, hands, neck, shoulders, hips, and the lower back;

      b.     Synovia provides relief from severe joint pain and severe joint swelling;

      c.     Synovia reduces arthritis pain by 95%;

      d.     Synovia provides the same joint pain relief as injected medications;

      e.     Synovia rebuilds damaged cartilage;

16

   f.  Synovia reverses narrowing of joint space caused by arthritis;

   g.  Synovia relieves pain by increasing synovial fluid within joints;

   h.  Synovia reduces pain-causing acidity by 57%;

   i.  Synovia relieves pain caused by Carpal Tunnel Syndrome; and

   j.  Synovia alleviates the pain and loss of strength caused by tennis elbow.

21.  The representations set forth in Paragraph 20 are false or misleading, or were not substantiated, at the time the representations were made.

22.  Therefore, the making of the representations as set forth in Paragraph 20 of this Complaint constitutes a deceptive act or practice and the making of false advertisements in violation of Sections 5(a) and 12 of the FTC Act, 15 U.S.C. §§ 45(a), 52.

## COUNT II

### False Claims About Tests and Ingredient

23.  In numerous instances in connection with the advertising, marketing, promotion, offering for sale, or sale of Synovia, including through the means described in Paragraphs 11 to 14, Defendants have represented, directly or indirectly, expressly or by implication, that:

   a.  Synovia is clinically proven to reduce arthritis pain by 95%;

   b.  Synovia is clinically proven to reduce pain-causing acidity by 57%;

   c.  Synovia is clinically proven to restore and repair damaged joint cartilage; and

   d.  Synovia contains 4 mg of astaxanthin.

24.     In truth and in fact:

      a.     Synovia is not clinically proven to reduce arthritis pain by 95%;

      b.     Synovia is not clinically proven to reduce pain-causing acidity by 57%;

      c.     Synovia is not clinically proven to restore and repair damaged joint cartilage; and

      d.     Synovia does not contain 4 mg of astaxanthin.

25.     Therefore, the making of the representations as set forth in Paragraph 23 of this Complaint constitutes a deceptive act or practice and the making of false advertisements in violation of Sections 5(a) and 12 of the FTC Act, 15 U.S.C. §§ 45(a), 52.

## COUNT III

### False and Misleading Testimonial Claims

26.     In numerous instances in connection with the advertising, marketing, promotion, offering for sale, or sale of Synovia, including through the means described in Paragraphs 11 and 12, Defendants have represented, directly or indirectly, expressly or by implication, that consumer testimonials appearing in their advertising represent the actual experience of consumers who have used the advertised product.

27.     In truth and in fact, in many instances, consumer testimonials appearing in Defendants' advertising do not represent the actual experience of consumers who have used the advertised product, because:

      a.     Many of the testimonials appearing in Defendants' advertising for Synovia represent purported experiences of consumers of a prior version of the product, which contained substantially different ingredients; and

      b.      In other instances, Defendants fabricated testimonials for fictitious Synovia consumers.

28.      Therefore, the making of the representation as set forth in Paragraph 26 constitutes a deceptive act or practice and the making of false advertisements in violation of Sections 5(a) and 12 of the FTC Act, 15 U.S.C. §§ 45(a), 52.

## COUNT IV

### False or Misleading Claims That Consumer Testimonials Reflect Independent Opinions

29.      In numerous instances in connection with the advertising, marketing, promotion, offering for sale, or sale of Synovia, including through the means described in Paragraphs 11 and 12, Defendants have represented, directly or indirectly, expressly or by implication, that consumer testimonials appearing in their advertising reflect the independent experiences or opinions of impartial users.

30.      In truth and in fact, in numerous instances, consumer testimonials appearing in Defendants' advertising do not reflect the independent experiences or opinions of impartial users because:

      a.      Testimonialist Steve Young, who is frequently quoted in Defendants' advertisements as an "early user," is Individual Defendant Stephen Young, the 50% owner and officer of A.S. Research; and

      b.      In many other instances, Defendants had offered and provided consumer endorsers with free product in exchange for "especially positive and inspiring" reviews of Synovia.

31.     Therefore, the making of the representation as set forth in Paragraph 29

constitutes a deceptive act or practice and the making of false advertisements in violation of

Sections 5(a) and 12 of the FTC Act, 15 U.S.C. §§ 45(a), 52.

## COUNT V

### Failure to Disclose Material Connections with Consumer Testimonialists

32.     In numerous instances in connection with the advertising, marketing, promotion,

offering for sale, or sale of Synovia, including through the means described in Paragraphs 11 and

12, Defendants have represented, directly or indirectly, expressly or by implication, that

consumer testimonialists appearing in their advertising recommend Synovia.

33.     In numerous instances in which Defendants have made the representation set forth

in Paragraph 32, Defendants have failed to disclose that the consumer endorsers had material

connections with Defendants, including:

        a.      That testimonialist Steve Young, who is frequently quoted in Defendants'

        advertisements as an "early user," is Individual Defendant Stephen Young, the

        50% owner and officer of A.S. Research; and

        b.      That in many other instances, Defendants had offered and provided

        consumer endorsers with free product in exchange for "especially positive and

        inspiring" reviews of Synovia.

This additional information would be material to consumers in evaluating the endorsement in

connection with a decision to purchase Synovia.

34.     In light of the representation described in Paragraph 32, Defendants' failure to

disclose the material information as set forth in Paragraph 33 constitutes a deceptive act or

practice and the making of false advertisements in violation of Sections 5(a) and 12 of the FTC

Act, 15 U.S.C. §§ 45(a), 52.

## COUNT VI

### False and Misleading Expert Endorsements

35.     In numerous instances in connection with the advertising, marketing, promotion,

offering for sale, or sale of Synovia, including through the means described in Paragraphs 11 and

13, Defendants have represented, directly or indirectly, expressly or by implication, that the

doctors identified as Dr. Laguna, Dr. Moss, and Dr. Pereira endorsed the use of Synovia for joint

pain relief based on an exercise of their purported expertise in joint pain in the form of an

examination or testing of Synovia at least as extensive as an expert in the field would normally

conduct.

36.     In truth and in fact, the doctors identified as Dr. Laguna, Dr. Moss, and Dr.

Pereira did not exercise their purported expertise in joint pain relief in the form of an

examination or testing of Synovia at least as extensive as an expert in that field would normally

conduct to support their endorsements.  Among other things:

      a.     They authorized the use of their quoted statements in connection with a

      prior version of the product containing substantially different ingredients; and

      b.     The only documentation they reviewed was a list of the ingredients in the

      prior version of the product; they did not conduct any additional research on the

      product or its ingredients, or engage in further examination or testing of the

      product.

37.     Therefore, the making of the representations as set forth in Paragraph 35 constitutes a deceptive act or practice and the making of false advertisements in violation of Sections 5(a) and 12 of the FTC Act, 15 U.S.C. §§ 45(a), 52.

## COUNT VII

## Deceptive Pricing Claim

38.     In numerous instances in connection with the advertising, marketing, promotion, offering for sale, or sale of Synovia, including through the means described in Paragraph 15, Defendants have represented, expressly or by implication, that for an additional $9.95 per bottle, consumers can purchase Synovia "Plus," which contains an additional ingredient designed to increase overall relief and speed the repair, that is not included in the Synovia product they agreed to purchase.

39.     In truth and in fact, in numerous instances in which Defendants have made the representation set forth in Paragraph 38, consumers did not receive a product with an additional ingredient in return for the additional $9.95 per bottle to obtain the Synovia "Plus" product.  In fact, Defendants ship the same product to all consumers, whether or not they pay an additional $9.95 per bottle.

40.     Therefore, the making of the representation as set forth in Paragraph 38 constitutes a deceptive act or practice and the making of false advertisements in violation of Sections 5(a) and 12 of the FTC Act, 15 U.S.C. §§ 45(a), 52.

## CONSUMER INJURY

41.     Consumers are suffering, have suffered, and will continue to suffer substantial injury as a result of Defendants' violations of the FTC Act.  In addition, Defendants have been

unjustly enriched as a result of their unlawful acts or practices.  Absent injunctive relief by this

Court, Defendants are likely to continue to injure consumers, reap unjust enrichment, and harm

the public interest.

## THIS COURT'S POWER TO GRANT RELIEF

42.     Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to grant

injunctive and such other relief as the Court may deem appropriate to halt and redress violations

of any provision of law enforced by the FTC.  The Court, in the exercise of its equitable

jurisdiction, may award ancillary relief, including rescission or reformation of contracts,

restitution, the refund of monies paid, and the disgorgement of ill-gotten monies, to prevent and

remedy any violation of any provision of law enforced by the FTC.

## PRAYER FOR RELIEF

Wherefore, Plaintiff FTC, pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b),

and the Court's own equitable powers, requests that the Court:

A.     Enter a permanent injunction to prevent further violations of the FTC Act by

Defendants;

B.     Award such relief as the Court finds necessary to redress injury to consumers

resulting from Defendants' violations of the FTC Act, including rescission or reformation of

contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies; and

C.      Award Plaintiff the costs of bringing this action, as well as such other and

additional relief as the Court may determine to be just and proper.


                                        Respectfully submitted,

                                        ALDEN F. ABBOTT
                                        General Counsel


Dated:  December 5, 2019                /s/ Elizabeth K. Nach
                                        JANET M. EVANS
                                        ELIZABETH K. NACH
                                        Federal Trade Commission
                                        600 Pennsylvania Ave., NW
                                        Washington, DC 20580
                                        Telephone: (202) 326-2125 (Evans), -2611 (Nach)
                                        Facsimile: (202) 326-3259
                                        Email: jevans@ftc.gov; enach@ftc.gov

                                        Attorneys for Plaintiff
                                        FEDERAL TRADE COMMISSION

CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2019, I caused the foregoing Complaint for Permanent Injunction and Other Equitable Relief to be served via electronic mail and overnight mail upon the following:

Albert S. Watkins, Esq.
Kodner Watkins, LC
7733 Forsyth Blvd., Suite 600
St. Louis, MO 63105

Dated: December 5, 2019                        /s/ Elizabeth K. Nach
                                               ELIZABETH K. NACH
                                               Federal Trade Commission
                                               600 Pennsylvania Ave., N.W.
                                               Mail Drop CC-10528
                                               Washington, D.C. 20580
                                               Tel: (202) 326-2611 (Nach)
                                               Fax: (202) 326-3259
                                               Email: enach@ftc.gov
                                               ATTORNEY FOR PLAINTIFF