IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-03423-PAB-KMT

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.

A.S. RESEARCH, LLC, also d/b/a ASR and APPLIED SCIENTIFIC RESEARCH LABS, a limited liability company,
STEPHEN J. YOUNG, individually and as an owner and officer of A.S. RESEARCH, LLC, and
MICHAEL K. LEDEBOER, individually and as an owner and officer of A.S. RESEARCH, LLC,

    Defendants.
_____

# ORDER
_____

This matter is before the Court on the Motion to Withdraw Consent and Opposition to Application in Light of COVID-19 [Docket No. 8]. Defendants seek to withdraw their consent to the Stipulated Agreement [Docket No. 2-1] for a permanent injunction and other equitable relief. Docket No. 8 at 7. Plaintiff responded in opposition to defendants' motion to withdraw consent on May 6, 2020, Docket No. 14, and defendants replied on May 15, 2020. Docket No. 17.

On December 5, 2019 plaintiff filed a Complaint for Permanent Injunction and Other Equitable Relief [Docket No. 1] alleging that defendants engaged in unfair or deceptive acts in violation of the FTC Act, 15 U.S.C. § 45(a), in the course of marketing and promoting the drug Synovia. Docket No. 1 at 16, ¶¶ 17-19. Specifically, plaintiff alleges that defendants made false or misleading representations concerning the

drug's effectiveness, fabricated customer testimonials, and made misrepresentations concerning expert endorsements of the drug. *See, e.g.*, *id.* at 17-22, ¶¶ 21-22, 27, 30-31, 36-37. Along with its complaint, plaintiff filed an Unopposed Motion for Entry of Proposed Stipulated Order for Permanent Injunction and Monetary Judgment. Docket No. 2. Plaintiff represents that, "[p]rior to the complaint filing, the FTC and Defendants agreed to the attached proposed Stipulated Order for Permanent Injunction and Monetary Judgment . . . which resolves all matters in dispute in action between them." *Id*. at 1.

Despite the parties' Stipulated Agreement for a permanent injunction, Docket No. 2-1, defendants now indicate that they no longer agree to the terms to which they previously assented. *See* Docket No. 8. Defendants state that "COVID-19 has resulted in the parties' objectives being impossible to meet and the obligations of [defendants] under the [Stipulated Agreement] impossible to perform in a timely fashion, or to perform at all, compared to the parties' expectations at the time" the parties entered into their settlement agreement. *Id.* at 4, ¶ 24. Defendants request that the Court "refrain from signing off and ordering the [Stipulated Agreement] proffered by the FTC with the prior consent of the Defendants and direct the parties to collaboratively re-address the monetary sanctions imposed therein, or to otherwise have the Court issue the [Stipulated Agreement] with amended financial sanctions imposed in an amount this Court deems just and appropriate given the circumstances involved." Docket No. 8 at 7.[1] Plaintiff opposes this request, arguing that defendants'

---

[1] To the extent that defendants request that the Court modify the parties' private contractual agreement, it cannot do so. *Janicek v. Obsideo*, LLC, 271 P.3d 1133, 1138

2

motion contravenes the parties' agreement and that plaintiff will be deprived of the benefit of its bargain in entering the agreement should the agreement not be enforced as written.  Docket No. 14 at 2.

"Generally, a 'trial court has the power to summarily enforce a settlement agreement entered into by the litigants while litigation is pending before it.'"  *Mitchell v. Estrada*, No. 03-cv-00387-PAB-MJW, 2013 WL 4502268, at *2 (D. Colo. Aug. 23, 2013) (quoting *United States v. Hardage*, 982 F.2d 1491, 1496 (10th Cir. 1993)); *DiFrancesco v. Particle Interconnect Corp.*, 39 P.3d 1243, 1247 (Colo. App. 2001) ("A court may summarily enforce a settlement agreement if it is undisputed that a settlement exists").[2] "Issues involving the formation and construction of a purported settlement agreement are resolved by applying state contract law."  *Shoels v. Klebold*, 375 F.3d 1054, 1060 (10th Cir. 2004).  Defendants do not dispute that they entered into the Stipulated Agreement and assented to the terms therein.  Docket No. 17 at 1.  Thus, the Court has authority to enforce the parties' settlement agreement while litigation is pending.  *DiFrancesco*, 39 P.3d at 1247.

While defendants appear to raise an impossibility-of-performance argument in their motion, *see* Docket No. 8 at 4, ¶ 24, they assert in their reply that their motion is not based on an impossibility-of-performance argument.  Docket No. 17 at 1-2.  In fact,

---

(Colo. App. 2011).

[2] Both parties assume that Colorado contract law applies.  *See* Docket No. 14 at 8; Docket No. 17 at 1-2.  Accordingly, the Court makes this same assumption and will apply Colorado law.

3

defendants concede that "it is possible for Defendants to pay" the amount specified in the Stipulated Agreement, i.e., it is possible for them to carry out the contractual terms, as "the money [to be paid] is sitting in [defendants'] lawyer's trust account." *Id.* at 2. Instead, defendants assert that they can avoid enforcement of the Stipulated Agreement using a frustration-of-purpose defense. *Id.*

"The party seeking to avoid the obligations in the contract . . . on grounds of frustration of purpose must show total, or near total, destruction of the essential purpose of the transaction." *Beals v. Tri-B Assocs.*, 644 P.2d 78, 80-81 (Colo. App. 1982). Although defendants state that "COVID-19 has resulted in the parties' objectives being impossible to meet," *see* Docket No. 8 at 4, ¶ 24, the Court finds that this is insufficient to constitute a frustration-of-purpose argument. Defendants make no attempt in their motion to identify the intended purpose of the Stipulated Agreement, and do not argue that this specific purpose was frustrated. *See generally id.* In fact, defendants do not use the terms "purpose," "frustrate," or "frustration of purpose" at any point in their motion. *See id.* "Undeveloped arguments raised in a perfunctory manner are waived." *Schlecht v. Lockheed Martin Corp.*, 11-cv-03072-RM-BNB, 2014 WL 6778709, at *2 (D. Colo. Nov. 25, 2014), *aff'd*, 626 Fed. Appx. 775 (10th Cir. 2015).[3]

Changed economic circumstances also provide no basis for changing the parties' bargain. "The risk that economic conditions may change . . . [is] not so unforeseeable that [it is] outside the risks assumed under the contract." *Beals*, 644

---

[3] While defendants shift to a more explicit frustration-of-purpose argument in their reply, *see* Docket No. 17 at 2, "a party waives issues and arguments raised for the first time in a reply brief." *Gutierrez v. Cobos*, 841 F.3d 895, 902 (10th Cir. 2016).

P.2d at 81; *see also* Restatement (Second) of Contracts § 265 (1981) ("It is not enough that the transaction has become less profitable for the affected party or even that he will sustain a loss."). In addition, defendants have not demonstrated that keeping A.S. Research in business was plaintiff's "sole . . . [or] predominate" purpose in entering into the agreement. *Beals*, 644 P.2d at 81; *see also* 30 Williston on Contracts § 77:96 (4th ed.) (a party's "performance will be excused where the loss nearly or completely destroys the purpose that *all parties* to the bargain contemplated.") (emphasis added). "It is not enough that [defendants] had in mind some specific object without which [they] would not have made the contract. The object must be so completely the basis of the contract that, as both parties understand, without it the transaction would make little sense." Restatement (Second) of Contracts § 265 (1981). Because defendants have not demonstrated that the purpose of the parties' underlying agreement has been frustrated, they cannot avoid their obligations under the contract. Accordingly, the Court will deny defendants' motion to withdraw consent.

For these reasons, it is

**ORDERED** that defendants' Motion to Withdraw Consent and Opposition to Application in Light of COVID-19 [Docket No. 8] is **DENIED**.

DATED July 21, 2020.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge

5